UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL BROWN, JR.,

Plaintiff,

v.

ASCENSION MACOMB-OAKLAND HOSPITAL, and DR. PUNIT GUPTA,

Defendants.

______________________________/

Case No. 2:24-cv-13390
District Judge Susan K. DeClercq
Magistrate Judge Kimberly G. Altman

# REPORT AND RECOMMENDATION TO DISMISS DR. PUNIT GUPTA

## I. Introduction

This is a civil rights case. Plaintiff Daniel Brown, Jr., proceeding *pro se* and *in forma pauperis*, is suing defendants Ascension Macomb-Oakland Hospital (Ascension) and Dr. Punit Gupta for violations of the Fourteenth Amendment, the Americans with Disabilities Act (ADA), and the Emergency Medical Treatment and Labor Act (EMTALA), as well as medical negligence and malpractice under state law. (ECF No. 26-1). Under 28 U.S.C. § 636(b)(1), all pretrial proceedings have been referred to the undersigned. (ECF No. 8).

For the reasons that follow, it is RECOMMENDED that Dr. Punit Gupta be dismissed for failure to prosecute.

## II. Background

Brown filed his original complaint on December 16, 2024. (ECF No. 1). Dr. Punit Gupta was named as a defendant in an amended complaint, which the Court granted Brown leave to file, on September 19, 2025. (ECF No. 27). On March 31, 2026, the Court entered an order directing Brown to complete service documents for Dr. Punit Gupta by April 14, 2026, as he had not yet been served. (ECF No. 34). On May 18, 2026, a certificate of service was returned purporting to serve Dr. Punit Gupta at Ascension's address. (ECF No. 37). According to the certificate of service, Dr. Punit Gupta's answer was due by May 29, 2026. (*Id*.). To date, no one purporting to be Dr. Punit Gupta has appeared in the case.

Accordingly, on August 12, 2026, the undersigned entered an Order to Show Cause as to Defendant Dr. Punit Gupta, stating in relevant part:

> Assuming, without deciding, that service on Dr. Punit Gupta was proper and that there is in fact a Dr. Punit Gupta at the address where service was made, Brown has taken no action regarding Dr. Gupta. Indeed, as explained in the Report and Recommendation entered this date on Ascension's motion for summary judgment, it appears that Brown has now abandoned this case.
>
> ….
>
> Accordingly, Brown is **ORDERED TO SHOW CAUSE on or before August 19, 2026,** as to why Dr. Punit Gupta should not be dismissed from this case for failure to prosecute. **Brown is warned that a failure to file a response will result in a recommendation that Dr. Punit Gupta be dismissed without prejudice for failure to prosecute**.

(ECF No. 42, PageID.269-270) (emphasis in original). Brown has not responded to the order to show cause and the time for doing so has passed.

## III. Discussion

As noted above, Dr. Punit Gupta has not appeared in the case, and Brown has taken no action regarding his non-appearance. This delay implicates Fed. R. Civ. P. 41(b) and Local Rule 41.2. The Local Rule provides that "when it appears that the . . . parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice . . ., enter an order dismissing … the case unless good cause is shown." E.D. Mich. LR 41.2.

Under Fed. R. Civ. P. 41(b), the test to determine whether dismissal is warranted is: 1) was the failure to cooperate or prosecute due to willfulness, bad faith, or fault; 2) was the adversary prejudiced by the party's conduct; 3) was the party warned that failure to cooperate or prosecute could lead to dismissal; and 4) the existence and appropriateness of less drastic sanctions. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (dismissal under Fed. R. Civ. P. 37(b)); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (dismissal under Fed. R. Civ. P. 41(b)).

As to the first factor, Brown has been informed of his obligation to prosecute his case against Dr. Punit Gupta and has taken no action to do so. This factor favors dismissal.

As to the second factor, Dr. Punit Gupta remains in the case while the case continued against Ascension and the undersigned recently recommended that Ascension's motion for summary judgment be granted. *See* ECF No. 41. Even if

there is no prejudice to Ascension, Dr. Punit Gupta's presence in the case prevents full adjudication. Thus, this factor favors dismissal.

The third factor has also been satisfied. In the order to show cause, Brown was warned that a failure to file a response will result in a recommendation that Dr. Punit Gupta be dismissed.

Finally, as to the fourth factor, there are no other meaningful remedies left at this time other than to dismiss Dr. Punit Gupta for failure to prosecute.

## IV. Conclusion

For the reasons stated above, it is RECOMMENDED that Dr. Punit Gupta be DISMISSED WITHOUT PREJUDICE for failure to prosecute.

Dated: August 25, 2026
Detroit, Michigan

s/Kimberly G. Altman
KIMBERLY G. ALTMAN
United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 25, 2026.

s/Dru Jennings
DRU JENNINGS
Case Manager

SO ORDERED.

Dated: August 25, 2026
Detroit, Michigan

s/Kimberly G. Altman
KIMBERLY G. ALTMAN
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 25, 2026.

s/Dru Jennings
DRU JENNINGS
Case Manager